IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA C. DIANA, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:CV-14-1890 |
| v. | |
| JP MORGAN CHASE, N.A., et al., | (JUDGE CAPUTO) |
| Defendants. | |

## MEMORANDUM ORDER

On October 2, 2014, a hearing was held on Plaintiffs' Request for Preliminary Injunction. At the hearing, Plaintiff noted (as did Defendants) that there was a foreclosure action pending in state court, which is what Plaintiffs seek to enjoin in this proceeding. As a result, I conclude that I do not have subject matter jurisdiction in this case because it is barred by the Rooker-Feldman Doctrine. Under the Rooker-Feldman Doctrine, federal courts lack subject matter jurisdiction when the Plaintiff complains of an injury caused by a prior state court judgment, and Plaintiff's action invites federal court review and rejection of that judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This doctrine applies in instances such as this, where a mortgagor files suit against a mortgagee arising out of a prior judgment of foreclosure entered in state court, claiming fraud on the part of the mortgagee in an attempt to have the deed to the property restored. *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49 (3d Cir. 2013).

NOW, this 2nd day of October, 2014, **IT IS HEREBY ORDERED** that this case is **DISMISSED** for lack of subject matter jurisdiction. The Clerk of Court is instructed to mark this case as **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge